Lincoln Trust Company, as Executor of Sarah H. Freeman, Deceased, Plaintiff, *v.* Francis P. Adams et al., Defendants.

(Supreme Court, New York Special Term, June, 1919.)

Wills — construction of — power of appointment — trusts — residuary estates — intestacy — non-residents.

Where one has a power of appointment by will over certain property the appointees, when named, take under the original instrument creating the power and not under the will by which it is exercised.

Since a power of appointment by will cannot be exercised by deed the one having the power cannot appoint the estate to herself, and it seems that a naked bequest of the subject of the power to her executor for no ultimate purpose but an accidental intestate distribution would not be an appointment of the fund.

Where an executrix, whose estate consisted of certain personal property and who in addition had powers of appointment by will over the corpus of two trust funds created in Pennsylvania by residents of that state, left her residuary estate, including the property over which she had power of appointment, to her executor in trust to pay the income to her husband during his life and provided that "upon his death, I direct that my said residuary estate be equally divided between my first cousins (naming them) to whom I give and bequeath the same," and one of the three cousins so named predeceased testatrix, her share of the residuary estate upon the death of the husband, so far as it consists of property belonging to the testatrix individually, goes to the husband's estate, he having survived testatrix and she having had no nearer relatives than cousins. As to such property the testatrix died intestate.

As to the part of the residuary estate over which testatrix had merely a power of appointment, where it appears that the powers were created in Pennsylvania by residents of that state over property located there, and that the law of Pennsylvania is that testatrix's bequest of the property to her executor in trust did not serve fully to execute the power of appointment,

Supreme Court, June, 1919.          [Vol. 107.

since the executor took no beneficial interest, such property must be distributed to those named in the instruments under which testatrix derived her power, as the ones to take in default of an appointment.

Under the law of Pennsylvania the death of one of the ultimate beneficiaries of the residuary estate before the testatrix left the executor, after the husband's death, holding the share of such ultimate beneficiary in the corpus, upon a mere naked trust, and not as part of the testatrix's actual estate.

ACTION for accounting and construction of will.

Scott, Gerard & Bowers, for plaintiff.

Garrett A. Brownback and Joseph P. Colton, for defendants Robert Adams, 3d, et al.

James E. Hopkins, for defendant Arabella A. Macfarland.

Cadwalader, Wickersham & Taft, for defendants Francis P. Adams et al.

John F. Charlton, for defendant Francis P. Adams, as executor.

T. Tileston Wells, for defendants United Security Life Insurance and Trust Company et al.

Charles A. Moran, for defendants Clara H. Adams et al.

Root, Clark, Buckner & Howland, for defendant Mahlon Hutchinson.

Clarence W. Francis, for defendant Enid Marion Freeman, as administratrix.

Francis X. Brosnan, for special guardian.

ERLANGER, J.  This controversy involves a construction of the will of Sarah H. Freeman, who died on or about July 2, 1909, a resident of England. Her estate consisted of personal property located in the state of New York, and she had, as well, power of appointment by will over the corpus of two trust funds, created in Pennsylvania, one under a marriage settlement deed executed by her and the other under the will of Martha Adams DePau, deceased, a resident of Pennsylvania.

Mrs. Freeman's will was admitted to probate in the county of New York and the plaintiff has come into possession of the personal estate of the testatrix as well as of the funds over which she had power of appointment.  The court is now asked to determine the disposal of the assets thus in the plaintiff's hands by virtue of its appointment as executor under the will, which, so far as material, reads as follows:

" *Third.*  All the rest, residue and remainder of my estate of every name, nature and description of which I may die seized, possessed of or entitled to, either at law or in equity, and over which I may have the power of disposition, I give, devise and bequeath to my executor hereinafter named.  Upon the special trust and confidence to enter into and upon the real estate and get in the personal estate, and to pay therefrom immediately on the probate of my will to my husband, Henry Francis John Freeman, the sum of two thousand five hundred dollars for his immediate current expenses, and to have and to hold for and during the term of the natural life of my husband, Henry Francis John Freeman, youngest son of the late John Freeman, Esquire, of Villa Freeman, Nice, France, the entire balance of my residuary real and personal estate, and to receive the income, rents, issues and profits thereof, and apply the same to his use, main-

41

tenance and support, *and upon his death, I direct that my said residuary estate be equally divided between my first cousins Francis Peters Adams, Laura Hughes Hutchinson and Virginia Gray Hutchinson, to whom I give and bequeath the same.*"

Virginia Gray Hutchinson, one of three legatees, predeceased Sarah H. Freeman. She died on or about November 20, 1907, unmarried and intestate, leaving to survive her as her only heirs at law and next of kin two sisters and two brothers.

Mrs. Freeman left her surviving no issue or descendants. She was survived by her husband and by Martha M. Adams and Arabella J. Adams, her sister and half sister, her only heirs at law and next of kin.

Her husband, Mr. Freeman, died April 27, 1916, and the trust for his benefit thereupon terminated. In this action, his estate is represented by the defendant Enid Marion Freeman, as administratrix c. t. a., who is his second wife and his sole devisee and legatee.

Because of the death of Virginia Gray Hutchinson, the question arises whether there was a failure, so far, of the exercise of the power of appointment by the testatrix over the two trust funds before referred to, and, also, whether there was intestacy as to one-third of her own residuary estate. Any question as to the claims of the next of kin, or heirs at law, of the deceased legatee may be eliminated, since there is no statute which may save a legacy or appointment to a first cousin from lapse through the legatee's death before the will takes effect.

The two surviving legatees named, however, contend that there was no intestacy nor failure of the powers of appointment. They urge a construction which would distinguish the three legatees, as members of a class, who may take by survivorship.

The administratrix of the deceased husband of the

testatrix claims that the powers of appointment were fully exercised by this will in favor of the executor, that the corpus of the two funds, subject to the power of appointment, became part of the estate of the testatrix, and that as to the one-third of the whole estate there was intestacy after the life interest of the husband was satisfied. This would vest the one-third of all the assets in Mr. Freeman (after the trust for his life) as the sole distributee of his wife's personal estate, so far as she died intestate and without descendants.

On the other hand, the classes of persons named or described in the will of Mrs. DePau and in the marriage settlement deed, as beneficiaries upon Mrs. Freeman's failure to exercise the power of appointment, contend that there was a complete lapse of the bequest to the deceased legatee, resulting in the failure, *pro tanto,* of the powers of appointment sought to be exercised for her benefit.

In my opinion the gift to the three first cousins named in the will cannot be read as a gift to a class or to the survivors of those so named. The description " first cousins " does not classify these legatees, since the testatrix had several others and restricted her gift to the three named, to be " equally divided between " them. This direction for an equality of division is, also, directly out of harmony with any intention that there should be a joint ownership in the subject of the bequest, with the incident of survivorship. Indeed, the authorities are so clearly against the contention that this gift could be construed as joint, or to a class, that discussion is hardly profitable. 1 Jarman Wills (6th Am. ed.), 262; 2 id. 271; *Moffett* v. *Elmendorf,* 152 N. Y. 475, 485; *Langley* v. *Westchester Trust Co.,* 180 id. 326; *Matter of Kimberly,* 150 id. 90.

The argument for those surviving legatees has to rest upon the rule that intestacy is not favored, but, upon this point, the language used by the court in *Matter of Kimberly,* 150 N. Y. 90, 94, is apposite: " The canon of construction to the effect that if there are two modes of interpreting a will, that is to be preferred which will prevent total or partial intestacy, has no application here. The statutes and decisions are controlling and cannot be changed or rendered nugatory by a mere rule of construction."

This failure of the bequest left one-third of the residuary estate of Mrs. Freeman undisposed of, and it also resulted in a failure to exercise the powers of appointment, by will, reserved to her under the marriage settlement deed and under the will of Mrs. DePau, unless it may be held that these powers were exercised by so much of the third paragraph of Mrs. Freeman's will (heretofore quoted) as bequeathed to her executor " all property over which I may have the power of disposition."

Both the instruments creating these powers of appointment were affected by the laws of Pennsylvania. The deed of settlement was made by a then resident of Pennsylvania to trustees in that state with provision for the devolution of the property according to its laws of succession and distribution, in the event of a failure of appointment. Mrs. DePau's will was a Pennsylvania will, operating upon property in that state to be there administered and also providing for a distribution under its laws upon the failure of the power of appointment in question.

Tested by the law of Pennsylvania, proven as a fact at the trial, the bequest to Mrs. Freeman's executor did not serve fully to execute the power, the executor having taken no beneficial interest and the death of the ultimate beneficiary, before the testatrix, having

resulted, so far, in a holding by the executor upon a mere naked trust, not as a part of the actual estate of the grantee of the power. *Huddy's Estate,* 236 Penn. St. 276; *Schively's Appeal,* 9 Wkly. Notes of Cases (Penn.), 566; *Lyndall's Estate,* 2 Penn. Dist. Rep. 476.

This rule accords with the general principles of law relating to the exercise of a power of appointment by will. The appointees, when named, take under the original instrument creating the power, not under the will whereby it is exercised. *Matter of Harbeck,* 161 N. Y. 211. The donee of the power is, to this extent, a conduit through whose instrumentality the estate passes when the power is duly exercised. Since a power of appointment by will cannot be made by deed, Mrs. Freeman could not appoint the estate to herself, and a naked bequest of the subject of power to her executor, for no ultimate purpose but an accidental intestate distribution, would not be an appointment of the estate. It could have effect only if recognized as an appropriation of the estate to herself to be administered as her own, a result not within the scope of the powers granted or reserved to her.

My conclusion is, therefore, that as to one-third of the assets constituting Mrs. Freeman's individual residuary estate, after the termination of the trust for the life of her husband, she died intestate. Subject to an outstanding annuity of $300, these assets passed to the estate of Henry Francis John Freeman, her husband, upon her death without leaving descendants. He having survived her and this estate in remainder being undisposed of, it vested in him at her death. Decedent Estate Law, § 100; *Robin* v. *McClure,* 100 N. Y. 328.

As to one-third of the property in the hands of the plaintiff, derived under the deed of settlement and the

Supreme Court, June, 1919.　　　[Vol. 107.

will of Mrs. DePau, distribution is to follow the terms of these instruments, as in default of appointment by Mrs. Freeman, according to the facts found by me upon the evidence as to the identity of the distributees.

Judgment accordingly.