In the Matter of the Estate of JEANNETTE D. BEAUMONT, Deceased.

Surrogate's Court, New York County, March 21, 1933.

*Joel M. Marx*, for the petitioners.

*J. L. Nicoll*, for the administrator.

*Frank E. Parham*, for Carl P. Sherwin, creditor.

*William S. Miller*, for Dr. Frank R. Herriman.

*Harry H. Oshrin*, for Robert H. McConnell, creditor.

*John D. Mason*, for The Mount Sinai Hospital.

*Chadbourne, Stanchfield & Levy*, for Maximilian A. Ramirez.

*Stroock & Stroock*, for Montefiore Hospital.

*Clarence A. Weil*, for the legatee, French Benevolent Society.

Delehanty, S.   By the will of Lee E. Beaumont, the residue of his estate was put in trust to pay the net income therefrom to his wife, Jeannette D. Beaumont.   After making this provision, the will continues: "At the death of my said wife, Jeannette D. Beaumont, I direct that said trust shall cease and determine as to one-half of my residuary estate and said one-half, free and discharged from the trusts of these presents, I give and bequeath absolutely to such person or persons as my said wife may, by her Last Will and Testament direct and appoint, and if no such appointment or direction be by her made, or insofar as such appointment or direction may not extend or be effectual, to such person or persons, and in the shares to which under the laws of the State of New York as they shall then exist, they would be entitled to the same if the said Jeannette D. Beaumont had died intestate."

The will of Jeannette Beaumont in paragraphs twenty-fifth and twenty-sixth provides: " *Twenty-fifth.*   I direct my said executors hereinafter named to divide all the rest, residue and remainder of my estate, including such property, funds, assets or estate over which I have a power of appointment, pursuant to the will of my deceased husband Lee E. Beaumont, wheresoever the same may be situate and whether the same consists of real, personal and/or mixed property, into eighteen (18) equal parts or shares, and I hereby give, devise, bequeath, designate and appoint three (3) such parts or shares to my niece Mary Hart; three (3) such parts or shares to my niece Mamie Rubinstein; three (3) such parts or shares to my niece Mamie Newman; one and two-sevenths (1 2/7) such

parts or shares to my niece Lillie Sandfelder; one and two-sevenths (1 2/7) such parts or shares to my grand-niece Bernice Levine, who is a daughter of my niece Mamie Rubinstein; one and two-sevenths (1 2/7) such parts or shares to my grand-niece Josephine Binner, who is a daughter of my niece Mamie Rubinstein; one and two-sevenths (1 2/7) such parts or shares to my grand-niece Gladys Hart, who is a daughter of my niece Mary Hart; one and two-sevenths (1 2/7) such parts or shares to my niece Georgie Isaacs; one and two-sevenths (1 2/7) such parts or shares to my niece Jessie Myers; and one and two-sevenths (1 2/7) such parts or shares to my niece Phoebe Rubinstein.

" *Twenty-sixth.* In the event that any of the legatees hereinbefore named in this my last will and testament, including those named in paragraph ' twenty-fifth ' hereof, should predecease me or should for any reason not be entitled to his or her or their bequest or bequests, then in such event, his or her or their bequest or bequests shall lapse and become and be a part of my residuary estate to be disposed of among such of my legatees set forth in paragraph ' twenty-fifth ' hereof, as survive me, in the relative proportions therein set forth."

A construction is asked of the foregoing provisions for the reason that one of the legatees of Jeannette D. Beaumont, Mamie Newman, died after the execution by Jeannette D. Beaumont of her will and after the execution of a codicil thereto which reaffirmed the original will, but before the death of the testatrix.

There are three possible theories to be considered in respect of the one-sixth share of the property subject to the power provided for Mamie Newman in the twenty-fifth clause of the will of the testatrix. The first is that contended for by the administrator of Mamie Newman, to wit, that the property passes to the administrator of Mamie Newman. The second is that contended for by the other beneficiaries named in said twenty-fifth paragraph, to wit, that the gift to Mamie Newman lapsed and that the share of Mamie Newman passed to the other beneficiaries named in paragraph twenty-fifth. The third is that the death of Mamie Newman caused an intestacy *pro tanto* with the result that the provisions of the will of Lee E. Beaumont effectuate a distribution of this one-sixth, as in intestacy, to the distributees of Jeannette D. Beaumont. Neither party asserts this last stated position.

Counsel for the administrator of Mamie Newman earnestly urges upon the court that the language of the will of Jeannette D. Beaumont does not permit the interpretation sought by the other legatees named in paragraph twenty-fifth (to wit, that under paragraph twenty-sixth they succeed to the interests which would

have been Mamie Newman's had she survived) for the reason that the language of paragraph twenty-sixth deals only with " bequests." Counsel urges that the language of paragraph twenty-fifth evidences a clear understanding by Jeannette D. Beaumont of the distinction between property which was her own, and of which, therefore, she might make a " bequest," and property over which she had a power of appointment. The argument is further made that since in her paragraph twenty-sixth she did not specifically refer again to her power to appoint beneficiaries to take the property of Lee E. Beaumont she must be held not to have included the property subject to appointment within the scheme of substitution of beneficiaries outlined in her paragraph twenty-sixth. As respects, therefore, the property subject to the power counsel asserts that since the will and codicil of Jeannette D. Beaumont are dated prior to the death of Mamie Newman, the latter took an interest in the property of Lee E. Beaumont which passed to her administrator — Jeannette D. Beaumont having died without having revoked the designation of Mamie Newman. Counsel urges that the whole scheme of distribution by Jeannette D. Beaumont evidenced an intention to give her property to her nieces and representatives of deceased nieces and that any holding which would deprive the estate of Mamie Newman of one-sixth share of the residue intended for her would violate the testamentary scheme evidenced by the will of the testatrix. It seems obvious that no weight can be given to this latter argument as concededly the scheme of disposition fails in respect of that property which was owned by Jeannette D. Beaumont.

The position of the administrator of Mamie Newman that the words " legatees " and " bequest or bequests " are not descriptive of the recipients of the appointed property nor apt to define the act of appointment, finds no support in the cases. The precise point was decided in Isham v. N. Y. Assn. for Poor (177 N. Y. 218, at p. 223). The court there interpreted a clause directing payment of taxes " upon any of the legacies " in the will to require payment out of the residuary of the tax on property passing by exercise of a power. The court said: " It may be true that they take under the execution of the power of appointment and, therefore, through a source of title emanating from the will of this testatrix' father; but that does not affect the question presented, which is whether, in exercising the power, she has made a gift, or a legacy, to the extent of its exercise. She, evidently, supposed she was doing precisely that; for she used the words ' I give and bequeath,' and the authorities are to that effect. In Matter of Dows (167 N. Y. 227), and in Matter of Delano (176 id. 486), we

have held that it is the execution of the power that gives to the person the property passing under it. The effect of conferring a general power of appointment is to invest its donee with a power of disposition as broad as though she was disposing of her own property. In its exercise she, in fact, makes a gift, or bequest to persons of her own selection. In addition to the *Delano* case, reference may be profitably had to the English cases of *Attorney-General* v. *Marquis of Hertford* (3 Exchequer, 670, 683), and of *Freme* v. *Clement* (L. R. [18 Ch. Div.] 499, 508); where that is held to be a gift, or bequest, which passes by the exercise of a power of appointment. A legacy is a disposition of personal property by will and when this testatrix directed her executors to pay the transfer taxes, that might be imposed upon any of the legacies which she had made, she meant, and she must be assumed, in law, to have meant, all the preceding dispositions by her, whether of the trust fund or of her individual estate."

The language of the Supreme Court of Massachusetts in *Thompson* v. *Pew* (214 Mass. 520) confirms the same viewpoint. In the cited case a husband's will granted to his wife a life estate in his residue with full power to dispose of the principal by her will. She designated her brother as beneficiary of a bequest. The brother predeceased the testatrix leaving four children surviving him. The court discussed the nature of the act whereby the power of appointment is exercised in a will and said: " The donee of a power to be exercised by will must be regarded as the testator *pro hac vice*. Indeed when the power is created by deed and is to be executed by will, the donee is the only person who performs any testamentary act. It can make no difference as to the nature of the power or the relation sustained by the appointor to the appointee whether the power be created by deed or by will. The appointor then is the testator; he is the person who makes the will; he, in the absence of anything in the will to the contrary, and not the donor of the power, is the person whose relationship to the appointee is to be considered wherever by statute or otherwise relationship between the person giving and the person receiving by will is material.

"And this is not all. The donee of a power to be exercised by will is *ipso facto* authorized to use the language of a will, and he is to be understood as using that language in the same way in which testamentary language is used. Shortly stated, his authority is to act as a testator and to speak as a testator, and his words are to be interpreted as those of a testator.

" Notwithstanding the technical difference between a testamentary gift of one's own property and a testamentary gift in the exercise of a power of appointment, we are of opinion that the terms

' devise' and 'legacy' as used in R. L. c. 135, § 21, are broad enough to include any testamentary gift, and that in view of the relation sustained by the donee of a general power to be exercised by will to the property which is the subject of the general power, and of the nature of a will and the general rules of law for its construction, and of the various considerations hereinbefore mentioned, the statute should be so construed."

Because of the tenor of the Massachusetts statute governing wills, the bequest in the cited case was saved for the children of the beneficiary. Our Decedent Estate Law, section 29, is not broad enough to save the gift to Mamie Newman for the benefit of her distributees.

In *Bradford* v. *Andrew* (308 Ill. 458) the Supreme Court of Illinois had the same problem before it. There as here a husband had granted to his wife the power to appoint beneficiaries of one-half of his residuary estate on termination of the life estate granted to her. The wife in that case entered into the possession of the property and thereafter made a will wherein she expressly declared that it exercised the power of appointment created by her husband's will. In her will she gave to a brother one-eighth part of her residue and also of the property over which she held the power of appointment. The brother predeceased the testatrix. After considering various authorities, the Supreme Court of Illinois stated in five paragraphs what it regarded as established principles, two of which are directly applicable to our situation. The Illinois court said:

" (1) * * *

" (2) If the donee of a general power of appointment appoints by will to a person or persons, all or some of whom die in the testator's lifetime, in the absence of any intention to the contrary the property, or the shares of those so dying, will revert to the donor's heirs.

" (3) * * *

" (4) * * *

" (5) Where there is no intervention of a trustee and an appointment has been made by will directly to beneficiaries, one of whom has died in the lifetime of the testator, the donee of the power, if it appears from the will that the donee meant in the first place to make the fund for all purposes his own and in the next place to dispose of it in a particular way, if he dealt with the property appointed as his own, combining it with his own property and treating it all as his own, without distinction, then the fund will be held to go to those persons who take the property of the donee."

So, too, in New York county the Supreme Court held that an

appointment made by a donee to three appointees, one of whom predeceased the donee, resulted in a partial intestacy because of the lapse *pro tanto* of the appointment. (*Lincoln Trust Co.* v. *Adams*, 107 Misc. 639.)

Both in the United States and in England the current of opinion has been entirely uniform that the appointment to a named beneficiary lapses if he predecease the donor, unless the gift be saved by express statute or by the terms of the power itself. (*Daniel* v. *Brown*, [Va.] 159 S. E. 209; 75 A. L. R. 1377; *Harker* v. *Reilly*, 4 Del. Ch. 72; *Ickeringill's Estate*, L. R. 17 Ch. Div. 151; *Pinede's Settlement*, L. R. 12 Ch. Div. 667; *Davies' Trusts*, L. R. 13 Eq. Cas. 163; *De Lusi's Trusts*, 3 Ir. L. Rep. 232; *Matter of Van Hagan* [*Sperling* v. *Rochfort*], L. R. 16 Ch. Div. 18; *Coxen* v. *Rowland*, L. R. [1894] 1 Ch. Div. 406; *In re Marten* [*Shaw* v. *Marten*], L. R. [1902] 1 Ch. Div. 314; *Chamberlain* v. *Hutchinson*, 22 Beav. 444; 32 Eng. Rep. 1179.)

The executors of Jeannette D. Beaumont originally asserted that the appointed property should pass into their hands for distribution. This position was untenable. The property of Lee E. Beaumont passes by his will to the appointees of the donee. (*Matter of Stewart*, 131 N. Y. 274, at p. 281 [citing 4 Kent Comm. 338]; *Matter of Harbeck*, 161 N. Y. 211.)

To summarize the foregoing: (1) The gift to Mamie Newman lapsed by reason of her death before the death of Jeannette D. Beaumont. (2) The administrator of the estate of Mamie Newman takes nothing under the will of Jeannette D. Beaumont and nothing by reason of the appointment of Mamie Newman pursuant to the power granted by the will of Lee E. Beaumont. (3) The legatees (other than Mamie Newman) named in clause twenty-fifth of the will of Jeannette D. Beaumont take the entire residuary of Jeannette D. Beaumont and the entire property of Lee E. Beaumont subject to the power of appointment. Their respective participations in such property are fixed by the proportion which their representative fractions bear to the total of their fractions, or five-sixths. (4) The property of Lee E. Beaumont subject to the power passes directly from his trustees, without the intervention of her executors, to the appointees named by Jeannette D. Beaumont.