In the Matter of the Estate of STEPHEN R. HICKS, Deceased.

Surrogate's Court, Queens County, August 8, 1939.

*Cullen & Dykman*, for the Brooklyn Trust Company, as substituted trustee of Julia Hicks.

*Underhill & Foster* [*James K. Foster* of counsel], for Arthur W. Post, individually and as executor, etc., of Elizabeth W. Post, deceased, as surviving executor, etc., of Phoebe H. Post, deceased, and as one of the executors, etc., of Julia Hicks, deceased.

HETHERINGTON, S. In this proceeding for the judicial settlement of the substituted trustee's account, the court is asked to determine to whom the principal of the trust, consisting of personalty of the approximate value of $9,000, is payable. The solution of the question requires an examination and interpretation of the wills of the decedent and his daughter, Julia.

The former died on January 22, 1892, survived by his widow and four children. His will was admitted to probate on February 5, 1892. In the ninth paragraph testator provided as follows: " I direct my Executors and Trustees, hereinafter specifically named, for this following trust, and their successors to invest in first-class investments, the remaining one-half of my residuary estate and hold the same in trust, to receive the rents, issues and profits thereon, to invest and reinvest the same and pay the income therefrom as it may become due, equally to my unmarried daughters, Mary P. and Julia Hicks, during their respective lives, and I authorize and empower each of my said daughters, Mary P. and Julia Hicks, to dispose of this one equal one-fourth part of my residuary estate to any of my descendants. Should either of my daughters die leaving no will and leave issue her surviving, her children shall receive her parent's share of the principal." Julia, the life beneficiary of the trust, died unmarried on September 13, 1938, survived by her nephew, Arthur W. Post, and her niece, Tacy Clark Jackson, as her sole distributees and leaving a last will and testament which was admitted to probate by the Surrogate's Court of Nassau county on September 28, 1938. The fifth paragraph provides as follows: " I hereby nominate and appoint my nephew, Arthur W. Post, and my nieces, Elizabeth W. Post and Tacy Clark Jackson, to be the beneficiaries, in equal shares, of the trust fund under the will of my father, Stephen Hicks, late of Westbury, of which fund I am receiving the income, and I do give and bequeath the said fund to my said nephew and nieces in equal shares." The prior death, on February 22, 1937, of Elizabeth W. Post, one of the appointees, has prompted the trustee to request that the court determine to whom the share appointed to her is distributable.

Under the terms of the will of the decedent the donee was granted a special power in trust. While the donor designated and limited the class in whose favor the power might be exercised, the donee was free to select any one of them. She elected to dispose of the fund equally between her nephew and her two nieces, grandchildren of the decedent. The disposition made, in view of the ambulatory nature of a will, did not become effective until her death. At the time Elizabeth, one of the appointees, was deceased. Her share in the fund lapsed. Whether this share should be considered as intestate property or regarded as passing under decedent's will to the surviving grandchildren is the problem for determination.

The will of the donor contains no provision for an alternative gift over in the event of a complete or partial failure of the donee to exercise the power of appointment. It does not contain an express gift, upon the death of the donee, to his descendants.

Unless an intention to make an implied gift can be found the share of the deceased appointee must be treated and regarded as intestate property of the decedent. The latter result should be avoided, if possible. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.)

An examination of his will discloses that he expressly limited the interest of his two daughters in the fund to the receipt of the income thereof and, further, that he desired the principal thereof should be given to one or more of his descendants. The omission to provide for an alternate gift, in default of the exercise of the power of appointment, seems to me to negative any intention on his part that he would want the fund to go to persons other than those embraced within the designated class. Where there has been a failure to exercise the power of appointment there is authority for the view that the law implies an intent to give it to those only of the class to whom it might have gone under an exercise of the power. Tiffany, Real Property (2d ed.), section 330, in discussing the situation where the instrument contains an express gift to a class, and where it does not, states, with respect to the latter, where there is " merely a power to A to give it, as he may think fit, among the members of that class, the law implies an intent to give it, in default of appointment, to those only of the class to whom it might have gone under an exercise of the power; and consequently, if the power could be exercised by will only, the heir, devisee or representative of one of the class who dies during the donee's life is not entitled to share." The intention to prefer one or more of his descendants is apparent, and it would seem to me that less violence would be done it by directing an equal division among the surviving members of the class, than to sanction a distribution among the representatives of his widow and children. The failure to make an outright gift, coupled with the limited interest given, gives indication that he did not desire his daughters to share further in the fund. Two cases dealing with the disposition of property appointed to a deceased appointee decided in this State have been called to my attention, *Lincoln Trust Co.* v. *Adams* (107 Misc. 639) and *Matter of Beaumont* (147 id. 118). The latter case discloses that there was a gift over and a general power involved. There is a lack of harmony in the results arrived at in England and in our several States where a general power is involved as appears from a review of the cases cited in 93 A. L. R. 967 *et seq.* Neither the nature of the powers nor the terms of the instruments creating them are disclosed in the former case. I do not regard either case as conclusive here. The theory of an implied gift in favor of the surviving members of the designated class where there has been a default in the exercise of the power, is reviewed in 80 A. L. R. 503.

My conclusion is that there was a default in the exercise of the power as far as Elizabeth was concerned, and that the share attempted to be appointed to her vests in Arthur W. Post and Tacy Clark Jackson, as surviving members of the class as an implied gift under the donor's will. Submit decree on notice construing the will, settling the account and directing distribution accordingly.