S. Samuel Di Falco, S.
In this proceeding to settle the trustee’s final account petitioner seeks a construction of the will..
Testator died a resident of this county in 1950 and under his will probated in this court, gave his residuary estate to the petitioner in trust, to pay the net income to his wife for life and upon her death, to pay said income to his daughter for life. He then provided: “I give to my said daughter, anne sears yeomans, power to appoint and provide, by her last will and testament or by deed duly executed and acknowledged to take effect after her death, for the distribution of the principal of the Trust property as she may direct, and on the termination *235 of such life estates, I direct my said Trustee upon the death of my said wife and daughter to pay and apply the principal of said Trust as further directed therein. In default of such will or deed, I direct that upon the termination of such life estates, the principal of said Trust be paid in equal parts to such of the lawful issue of my daughter as may be living.”
Testator’s daughter died in 1960 leaving a will probated in Nevada under which she provided: “ All the rest, residue and remainder of my property, real and personal, wheresoever situated, including all property over which I have the power of testamentary disposition at the time of my death, I give, devise and bequeath to my mother, Florence warner sears, of Reno, Nevada. ’ ’ Said Florence Warner Sears, widow of testator herein, died in 1958 leaving a will probated in Nevada under which she gave her residuary estate in trust to pay the income to her two grandchildren, Frank Sears Yeomans and Louise Warner Yeomans, remainder to them when the youngest reaches the age of 21. They are the surviving lawful issue of this testator’s daughter who would each be entitled to one half of the remainder of his residuary estate in default of exercise of the power of appointment.
It is urged on behalf of said issue that in the actual event, namely, the death of the widow prior to the daughter, the power was not effectively exercised and, therefore, the trust remainder herein passes directly to said daughter’s issue under the provisions of this testator’s will.
In Matter of Beaumont (147 Misc. 118) the donee of a power of appointment under her husband’s will directed division of her residuary estate into 18 equal parts and bequeathed three of them to a niece who predeceased her. Surrogate Delehanty held that the gift to the niece lapsed by reason of her death before that of the donee and that her administrator took nothing by reason of her appointment pursuant to the power granted by the donor’s will. The court cited Bradford v. Andrew (308 Ill. 458) where a husband granted his wife power of appointment over one half of his residuary estate upon termination of her life interest. She expressly exercised the power and gave her brother one eighth of her property and also of the property over which she held power of appointment. The court stated at page 463: “If the donee of a general power of appointment appoints by will to a person or persons, all or some of whom die in the testator’s lifetime, in the absence of any intention to the contrary the property, or the shares of those so dying, will revert to the donor’s heirs. Marker v. Reilly, 4 Del. Ch. 72; Colthurst v. Colthurst, Jones’ Exch. (Ireland) 262.”
*236 The court took note that in the Supreme Court of New York County it has been held that an appointment made by a donee to three appointees one of whom predeceased the donee resulted in a partial intestacy because of a lapse pro tanto of the appointment. (Lincoln Trust Co. v. Adams, 107 Misc. 639.) It was further pointed out that both in the United States and England the current of opinion has been entirely uniform that in such an event the appointment lapses.
In the instant case, therefore, the attempted bequest of the appointive property lapsed by reason of the death of the appointee prior to that of the donee. It cannot be saved by the residuary clause in the latter’s will since there can be no residue of a residue. (Wright v. Wright, 225 N. Y. 329.) It does not, however, pass by intestacy in the donee’s estate but distribution is governed by direction of the donor’s will which provided for just such a contingency. By reason of such lapsing the appointment was rendered ineffectual.
The court holds that under the provisions of the will of testator herein, in default of the valid and effective exercise of the power of appointment given to his daughter, the remainder of his residuary trust passes to her lawful issue surviving said daughter. (Matter of Beaumont, supra; Lincoln Trust Co. v. Adams, supra, Bradford v. Andrew, supra.) The reasonable compensation of the attorneys for petitioner is fixed and allowed in the amount requested.