In the Matter of the Estate of HENRY H. ROGERS, Deceased.

Surrogate's Court, New York County, December 5, 1938.

Davis, Polk, Wardwell, Gardiner & Reed [Walter D. Fletcher, J. Hutton Hinch and John N. Polk of counsel], for the City Bank Farmers Trust Company, Adrian H. Larkin and William R. Coe, as trustees, petitioners.

Spence, Hopkins, Walser & Hotchkiss [Kenneth M. Spence and Paul Van Anda of counsel], for Pauline Hoving, respondent.

Simpson, Thacher & Bartlett [Thomas D. Thacher of counsel], for Mary Millicent Balcom, also known as Millicent Rogers Balcom, respondent.

Stephen P. Nash [John G. Jackson of counsel], special guardian of A. H. P. Ramos and P. J. P. Ramos, infants, respondents.

John Caldwell Myers [John G. Jackson of counsel], general guardian of Peter A. C. M. Salm, respondent.

Larkin, Rathbone & Perry [Harold A. Donegan of counsel], for the Central Hanover Bank and Trust Company, Adrian H. Larkin and Albert Stickney, as executors and trustees under the will of Henry H. Rogers, Jr., respondents.

Shearman & Sterling [Lacey E. Finnan of counsel], for the City Bank Farmers Trust Company, as sole surviving executor of the estate of John W. Sterling, respondent.

White & Case, for the New York Trust Company, respondent.

Coudert Brothers, for the Massachusetts Bonding and Insurance Company, respondent.

Sage, Gray, Todd & Sims [Henry G. Gray of counsel], appearing personally, respondent.

Mitchell, Taylor, Capron & Marsh, appearing personally, respondent.

Jerome M. Hirsch, for the State Tax Commission, respondent.

Timothy M. Healy, for Henry Huddleston Rogers, Jr., respondent.

FOLEY, S. The special guardian of certain infants, who are the children of the daughter of the donee of the power of appointment,

urges that the doctrine of marshalling of assets be applied to certain of the funds of the donor's estate now before this court in the accounting proceedings of the trustees. A careful examination of the authorities cited by him leads to the conclusion that under the special circumstances the doctrine of marshalling should not be invoked.

The power of appointment was granted by the donor's will to Colonel Henry H. Rogers, Jr., his son. The donee of the power and the draftsman of his will clearly anticipated invalidity in the creation of certain trusts which might violate our statutes against perpetuities. Invalidity would have occurred as to certain parts of the donor's property in the primary dispositions, by reason of the creation of trusts for more than two lives and for the life of a person not in being at the date of the death of the donor. However, the donee, by his alternative disposition in paragraph sixteenth, made express outright gifts of the appointive funds, in the event of such illegality, to the persons named as primary life tenants, under his first plan of distribution. The alternative gifts, therefore, effectuated a complete valid disposition of the funds in the donor's estate. Thereby the donee himself eliminated from participation in the disputed funds the Ramos infants or the other designated issue of his daughter who were named as remaindermen under his preliminary, but not his ultimate dispositions.

The special guardian urges that we should restore for the benefit of the infant remaindermen what the donee himself eliminated. He contends that the trusts in which his wards were originally interested should be set up in full out of the individual property and that the appointive property should be readjusted to meet that objective.

No distortion of the final testamentary plan of the donee in the distribution of his individual property and of the property passing under the power of appointment occurred. The doctrine of marshalling may not be applied in such a situation. No inequity is presented for correction.

In *Fargo* v. *Squires* (154 N. Y. 250), chiefly relied upon by the special guardian, the terms of the donee's will became partially ineffective because of their violation of the rule against the undue suspension of the power of alienation. The court, in its equitable jurisdiction, invoked the doctrine of marshalling to correct the injustice to the special objects of the bounty under the donee's testamentary plan. Under the will in the *Fargo* case, the pecuniary bequests aggregated $50,000. The gross individual estate was $80,000. There was a residuary trust for the benefit of certain children who were not in being at the death of the donor. That

trust was, therefore, an invalid disposition of the appointive property. The court for the purpose of carrying out the wishes and intent of the testatrix directed the payment of the pecuniary bequests out of the property over which she had the power of appointment, " thus saving her individual estate unimpaired to constitute the trust provided for by her will."

On the other hand, in cases where no inequities were presented for adjustment, the courts have refused to invoke the doctrine. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Low* v. *Bankers Trust Co.*, 270 id. 143.)

In the present proceeding, unlike the *Fargo* case, ultimate illegality was guarded against and avoided by the donee himself in his substitutional gifts. A testator may dispense with the necessity for marshalling. He can direct how his individual estate and how the appointive property shall pass. (Maitland, Lectures on Equity, p. 210.)

Here there is neither reason nor power to remake the will of the donee. The surrogate, therefore, holds the doctrine may not be invoked in any form and that the funds in dispute may not be diverted from the outright legatees.

Submit decree on notice settling the account in accordance with this decision and the prior decision of the surrogate. (*Matter of Rogers*, N. Y. L. J. Nov. 9, 1938, p. 1542.)