## ESTATE OF ROGERS ET AL. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 66. Argued November 18, 19, 1943.—Decided December 6, 1943.

*Mr. John W. Drye, Jr.* for petitioners.

*Assistant Attorney General Samuel O. Clark, Jr.,* with whom *Solicitor General Fahy* and *Messrs. Sewall Key, J. Louis Monarch,* and *Alvin J. Rockwell* were on the brief, for respondent.

*Mr. William G. Heiner* filed a brief on behalf of Thomas D. Allison, Administrator, as *amicus curiae,* in support of petitioner.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

This case requires us to determine whether and what interests that came into enjoyment upon the death of the donee of a general power of appointment should be included for federal estate tax purposes in the donee's gross estate. § 302 (f) of the Revenue Act of 1926, c. 27, 44 Stat. (part 2) 9, 71, as amended by § 803 (b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 279, 26 U. S. C. § 811 (f).

The problem arises from the following circumstances. Rogers Sr. gave his son, the decedent, a general testamentary power of appointment over certain property, with limitations in default of the appointment to the heirs, under New York law, of the son. On the son's death these heirs were his widow, a daughter and a son, to each of whom would have come upon default one-third of the property. However, the decedent did exercise his power. His will, as determined by a decree of the Surrogate's Court of the County of New York, New York (New York Law Journal, November 9, 1938, p. 1542, and 170 Misc. 85, 9 N. Y. S. 2d 586), created the following interests so far as here relevant: a fraction of the appointable property, 6.667%, went in three equal shares to the widow, the daughter, and a grandson; of the balance, two equal shares were put in trust for the benefit of the widow and daughter, respectively, while the other third was ap-

pointed outright to the grandson. The decedent made no appointment to his son.

In determining the value of the gross estate, the Commissioner included the value of all property of which decedent disposed by appointment. He did so by applying the direction of § 302 of the Revenue Act of 1926, whereby

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property

.  .  .  .  .

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will . . ." 44 Stat. (part 2) 9, 70–71, as amended by § 803 (b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 279, 26 U. S. C. § 811 (f).

The Board of Tax Appeals reduced the value of his gross estate by excluding the value of the property which passed to the widow and daughter.[1] It did so on the ground that that which came to these two under the power was less in value than would have come to them under the will of the donor of the power had that power not been exercised by the donee. On review the Circuit Court of Appeals for the Second Circuit reversed the Board and reinstated the deficiency determined by the Commissioner, taxing all the property which the decedent appointed. Two of the judges expressed distinct views, the third concurred in the result without joining either of his brethren. 135 F. 2d 35. Because of the importance of the issue to the administration of federal estate taxation as well as to settle an asserted conflict between the Second Circuit

---

[1] The Board of Tax Appeals had originally taken a different view. Leser v. Commissioner, 17 B. T. A. 266, 273. But *Helvering* v. *Grinnell*, 294 U. S. 153, led it to change its view. Webster v. Commissioner, 38 B. T. A. 273, 284–289.

and the Third and Fourth Circuits (*Rothensies* v. *Fidelity-Philadelphia Trust Co.*, 112 F. 2d 758; *Legg's Estate* v. *Commissioner*, 114 F. 2d 760, and see *Lewis* v. *Rothensies*, 138 F. 2d 129), we brought the case here. 320 U. S. 210.

We agree with the decision below. A contrary view would mean that the decedent did nothing so far as he created interests for his widow and daughter, although undeniably the donee, by his will, exercised his power of appointment. Nothing of a taxable nature happened, it is urged, no property "passed" through this exercise of his power because by his will the donee gave interests to appointees who, if he had not exercised the power, would have come into enjoyment of interests in the property though to be sure other interests than the donee saw fit to give them.

The argument derives from considerations irrelevant to the ascertainment of the incidence of the federal estate tax. In law also the right answer usually depends on putting the right question. For the purpose of ascertaining the corpus on which an estate tax is to be assessed, what is decisive is what values were included in dispositions made by a decedent, values which but for such dispositions could not have existed. That other values, whether worth more or less as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which it was his to do with as he willed. And that is precisely what the federal estate tax hits—an exercise of the privilege of directing the course of property after a man's death. Whether for purposes of local property law testamentary dominion over property is deemed a "special" or a "general" power of appointment, *Morgan* v. *Commissioner*, 309 U. S. 78; whether local tax legislation deems the appointed interest to derive from the will of the donor or that of the donee of the power, *Matter of*

*Duryea*, 277 N. Y. 310, 14 N. E. 2d 369; whether for some purposes in matters of local property law title is sometimes traced to the donee of a power and for other purposes to the donor, cf. *Chanler* v. *Kelsey*, 205 U. S. 466, 474, are matters of complete indifference to the federal fisc.

Whether by a testamentary exercise of a general power of appointment property passed under § 302 (f) is a question of federal law, once state law has made clear, as it has here, that the appointment had legal validity and brought into being new interests in property. See *Helvering* v. *Stuart*, 317 U. S. 154. Were it not so, federal tax legislation would be the victim of conflicting state decisions on matters relating to local concerns and quite unrelated to the single uniform purpose of federal taxation. *Lyeth* v. *Hoey*, 305 U. S. 188, 191–194. In taxing "property passing under a general power of appointment exercised . . . by will," Congress did not deal with recondite niceties of property law nor incorporate a crazy-quilt of local formalisms or historic survivals. "The importation of these distinctions and controversies from the law of property into the administration of the estate tax precludes a fair and workable tax system." *Helvering* v. *Hallock*, 309 U. S. 106, 118. Congress used apt language to tax dispositions which came into being by the exercise of a testamentary privilege availed of by a decedent and which in no other way could have come into being. Such is the present case. To bring about the results which decedent sought to bring about, he had to deal with the whole of the corpus over which he had the power of disposition. To give what he wanted to give and to withhold what he wanted to withhold, Rogers Jr. had to do what he did. And so what is taxed is what Rogers Jr. gave, not what Rogers Sr. left. The son's appointees got what they got not because he chose to use one set of words rather than another set of words, but because he willed to give them the property that he willed. If the result of his testa-

mentary disposition is to subject his beneficence to the estate tax, that is always the effect of an estate tax.

Nothing that was decided or said in *Helvering* v. *Grinnell*, 294 U. S. 153, stands in the way of this conclusion. Where a donee of a power merely echoes the limitations over upon default of appointment he may well be deemed not to have exercised his power, and therefore not to have passed any property under such a power. That case is a far cry from this. To suggest that all the property necessary to effectuate the arrangements made by decedent's will did not constitute property passing under his testamentary power would disregard the fact that he had complete dominion over this property and disposed of all of it as his fancy, not at all as his father's will, dictated. Indulgence of that testamentary fancy to the full extent assessed by the Commissioner is what § 302 (f) taxes.

*Affirmed.*

MR. JUSTICE MURPHY and MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE STONE and MR. JUSTICE ROBERTS, dissenting:

We are of opinion that the judgment should be reversed.

This litigation is concerned only with the tax to be paid on the exercise of the testamentary power which purported to give outright to decedent's wife and daughter, each, about 7% of one-third of the trust fund created under the earlier will and the income for life from the remainder of that third, instead of the outright gift of a full one-third of the trust fund which, in default of appointment, each was entitled to receive under the earlier and then operative will.

The only effect of the exercise of the power upon the shares of the wife and daughter was to diminish the gifts

which they were already entitled to receive under the earlier will. The Board of Tax Appeals has found that, as a result of the exercise of the power, the value of the property which the two appointees will receive is less than each was entitled to receive under the first will, which fixed their rights as legatees subject only to exercise of the power.

We think that neither the history nor the words of the taxing statute justify any assumption that in enacting a tax on testamentary gifts it was the purpose of Congress to tax also the exercise of a testamentary power to deprive a legatee of part of his legacy in addition to taxing the use of the power to appoint that part to a third person. The statute lays a tax on gifts such as the earlier will in this case made to the wife and to the daughter and as now interpreted the statute imposes a second tax on the testamentary exercise of the power to diminish the gifts previously made to them by will. Authority for so incongruous a result is found in the provisions of § 302 (f) of the Revenue Act of 1926, which directs the inclusion in the decedent's estate for taxation, of "the value" of property "to the extent of any property passing under a general power of appointment" exercised by a decedent. The statute thus selects property values passing under the exercise of a power of appointment as the measure of the tax. It gives no indication that beyond this it is concerned with the technical quality of estates passing under either the will or the subsequent exercise of the power. And, unlike later amendments to the estate tax statute, Revenue Act of 1942, § 403, 56 Stat. 942; cf. 26 U. S. C. § 811 (d), it taxes not the mere existence of a power to affect the disposition of property, but its exercise to bestow on the appointee such property values.

Looking to the words of the statute in the light of its purpose, we think that the effective operation of the exer-

cise of the power to transfer property values was the intended subject of the tax, and not a use of the power which adds nothing to, but subtracts from, gifts already made and subject to taxation. This Court so stated in *Helvering* v. *Grinnell*, 294 U. S. 153. We can hardly suppose that a purported exercise of a power to make to the wife and daughter gifts, identical with those to which they were already entitled under the will, or to appoint to a third person an interest less than the whole in the shares given to them by the will, would result in a tax on the shares which the wife and daughter were permitted to retain.

To say that such a tax must be imposed because by a different form of words the same end is attained, is to sacrifice substance to form in the application of a taxing statute which is concerned only with substance, the effective transfer of property values to an appointee. *Helvering* v. *Grinnell, supra,* 156; *Rothensies* v. *Fidelity-Philadelphia Trust Co.,* 112 F. 2d 758; *Legg's Estate* v. *Commissioner,* 114 F. 2d 760. We have too often committed ourselves to the proposition that taxation is a practical matter concerned with substance rather than form, see *Bowers* v. *Kerbaugh-Empire Co.,* 271 U. S. 170, 174; *Chase National Bank* v. *United States,* 278 U. S. 327, 336; *Corliss* v. *Bowers,* 281 U. S. 376, 378; *Griffiths* v. *Commissioner,* 308 U. S. 355, 357–8; *Helvering* v. *Hallock,* 309 U. S. 106, 116–19; *Helvering* v. *Horst,* 311 U. S. 112, 116–19, to depart from it now.