Estate of Mary Holthausen, Deceased, Frederick A. Wobie, Executor v. Commissioner.
Estate of Holthausen v. Commissioner
Docket No. 160.
United States Tax Court
1944 Tax Ct. Memo LEXIS 336; 3 T.C.M. (CCH) 219; T.C.M. (RIA) 44075; March 9, 1944
*336 Decedent was granted a general power of appointment over a fund by the will of her husband. Under the donor's will his grandson would take the entire interest in the fund in default of appointment. Decedent exercised the power by appointing the fund upon a testamentary trust for the use of the grandson but which provided for contingent remaindermen in the event the grandson should die before reaching the age of 35 without appointing the principal and accumulation of the trust. Held, that the entire value of the fund over which decedent exercised the power of appointment by will is includable in her gross estate under section 811(f) of the Internal Revenue Code. Rogers v. Helvering, 320 U.S. 410, followed. John D. Monroe, Esq., and James A. Byrne, Esq., 50 Broadway, New York, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding involves an estate tax deficiency in the amount of $9,625.44. The sole issue is whether the entire corpus of a fund over which decedent had and exercised a testamentary general power of appointment should be included in the decedent's *337 gross estate where the appointee was the same as the taker in default and received less than he would have received in default. The estate tax return was filed with the collector for the first New York district. Findings of Fact The proceeding was submitted upon a stipulation of facts which are found accordingly. They may be summarized as follows: Frederick Holthausen, decedent's husband, died testate a resident of King's County, New York, on May 6, 1912. Under the provisions of his will, five-eighths of his residuary estate was placed in trust, the income of which was to be paid to decedent for life with a general power to appoint the principal by her will. Should decedent survive her daughter, Lillian Adelia Wobie, in default of such appointment, Holthausen's will directed that the principal be paid any child or children of Lillian's whom she may have left surviving, share and share alike. Lillian died on June 29, 1924, leaving only one child, Frederick A. Wobie, born January 12, 1913. Decedent died testate a resident of King's County, New York, on March 23, 1940. Frederick A. Wobie is the duly qualified and acting executor of her estate. Decedent exercised the power of appointment *338 granted her in the will of her husband by placing the trust corpus, together with the residue of her estate, in further trust with the City Bank Farmers Trust Company, Trustee, to pay the income to Frederick A. Wobie until he attained the age of 30 years; to then turn over to him one-half of the trust corpus; to continue the trust as to the remaining corpus until he reached the age of 35 years; and to then pay over to him the balance of the trust corpus. In the event of Wobie's death prior to the termination of this trust, the trustee was to turn over the principal thereof and any accrued income to appointees under Wobie's will or, in default of appointment, to his issue and wife, or, if none, to four named charitable institutions. Frederick A. Wobie, individually and as executor of decedent's will, instituted a proceeding in the Surrogate's Court, King's County, New York, (Matter of Holthausen, 175 Wisc. 1022) for a decree determining the construction, validity and effect of decedent's disposition of the property over which she had power of appointment. It was Wobie's position, as indicated in his petition, that he was the absolute owner of five-eighths *339 of the residuary estate of Frederick Holthausen under his will and that decedent's purported appointed was void and ineffectual so far as it covered this property. The Surrogate decreed that Wobie was begotten prior to and was a "life in being" at the time of Frederick Holthausen's death for the purpose of determining the validity under the Statute of the trust created by Holthausen's will; that, hence, the further trust created by decedent under the power of appointment did not violate the statute against perpetuities and was valid; that decedent effectively exercised the power of appointment; and that by reason thereof title to five-eighths of Frederick Holthausen's residuary estate passed to the appointee, the City Bank Farmers Trust Company, as trustee. Wobie took no appeal from the above mentioned decree which is now final. He has not renounced the taking of the estate left to him by decedent under her exercise of the power of appointment and has not elected to take under the will of Frederick Holthausen, except for the position taken by him in the petition filed in the Surrogate's Court proceedings and in the petition filed herein. The value of the trust corpus representing *340 five-eighths of the residuary estate of Frederick Holthausen at the date of decedent's death was $88,502.99. Computed on Actuaries' or Combined Experience 4% Tables pursuant to section 81.10, Table B, Treasury Regulation 105, the value of Wobie's interest under decedent's will was $84,913.68 and the value of the contingent remainders was $3,589.31. Opinion The only issue presented is whether the entire corpus of a fund over which decedent had and exercised a testamentary general power of appointment should be included in the decedent's gross estate where the appointee was the same as the taker in default and received less than he would have received in default. Decedent had a general power of appointment over the principal of a trust fund pursuant to the terms of her husband's will. She exercised her power by creating a testamentary trust of which her grandson, Frederick A. Wobie, was beneficiary, but of which there were contingent remaindermen should Wobie die before attaining the age of 35 without appointing takers of the principal. A bank was named trustee. Had decedent failed to make an appointment, Wobie nevertheless would have come into enjoyment of the property at decedent's *341 death pursuant to the terms of his grandfather's will. The value of the property over which decedent exercised her power of appointment was, at her death, $88,502.99. Respondent increased decedent's reported gross estate by this sum. This action was taken under authority of section 811(f) of the Internal Revenue Code, which, so far as material, is as follows: SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(f) Property Passing Under General Power of Appointment. - To the extent of any property passing under a general power of appointment exercised by the decedent: (1) by will, * * * Petitioner contends that all but $3,589.31 worth of the property passed under the terms of the will of his grandfather, the donor of the power, rather than by virtue of its exercise by the donee and that respondent erred in so far as he included in the gross estate any sum in excess of $3,589.31. Petitioner's above contention was the subject of a full and helpful *342 elaboration upon brief. His principal arguments were, in short, that the question of the extent to which the instant fund passed under the power of appointment is one of local law; that under New York law five-eighths of the donor's residuary estate vested upon his death in Wobie, subject only to be divested by an effective exercise of the power of appointment; and that decedent's exercise of the power divested Wobie of such residuary estate only to the extent of the appointments made to the contingent remaindermen. Many authorities were cited in support of these propositions. Particular reliance was placed upon Rothensies v. Fidelity-Phila-delphia Trust Co., 112 Fed. (2d) 758; Legg's Estate v. Commissioner, 114 Fed. (2d) 760; Lewis v. Rothensies, 138 Fed. (2d) 129. All of this might have been compelling but for the subsequent promulgations of the Supreme Court's decision in Rogers v. Helvering, 320 U.S. 410. The Rogers case involved precisely the same question as we have here, decided the question in the Commissioner's favor, and in affirming 135 Fed. (2d) 35, *343 effectively overruled the above cited decisions which it recognized as being in asserted conflict. By supplemental brief petitioner urges that the Rogers case is distinguishable on its facts in that there the devise over in default of appointment did not create a vested remainder on the death of the donor, but merely a contingent remainder, whereas the contrary is true here. He asserts that this distinction calls for an opposite answer to the question. It may well be that the exact terms of the respective devises do afford this distinction under New York law. But close examination of the opinion in the Rogers case convinces us that the rule there announced was not based upon or intended to be affected by any such narrow distinction. The Court there said: * * * In taxing "property passing under a general power of appointment exercised * * * by will", Congress did not deal with recondite niceties of property law nor incorporate a crazyquilt of local formalisms or of historic survivals. "The importation of these distinctions and controversies from the law of property into the administration of the estate tax precludes a fair and workable tax system." Helvering v. Hallock, 309 U.S. 106, 118, *344 * * * This language compels the conclusion that local laws pertaining to the vesting of title can not control the result in cases involving the present question. If the values appertaining to the dispositions made by decedent in the exercise of a power of appointment could not otherwise have existed, then the full monetary value of such dispositions is includible in decedent's gross estate. This is the broad rule of the Rogers case. We understand "values," as there used, to mean the quantitive or qualitative interests in the property disposed of by appointment, or both. Here decedent's disposition of the $88,502.99 fund over which she had a general power of appointment took the form of a short term trust for the use of Wobie whereby legal title was vested in a trustee and under which contingent takers of the principal were named in the event Wobie should die before the age of 35 without appointing the principal. The validity and effect of decedent's act has been established by a local court of competent jurisdiction. Petitioner admits that the fund thus was divided into several interests, Wobie's and that of the contingent remaindermen, each of which was worth something less *345 than the fund as a whole. Manifestly, this disposition of the fund could not have occurred had decedent failed to exercise the power of appointment for, in that event, Wobie would have had the legal title to and present enjoyment of the entire fund as remainderman under the donor's will. Hence, the test laid down by the Rogers case has been met. "That other values, even if worth more as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which it was his to do with as he willed. * * *" Rogers v. Helvering, supra. Respondent's determination is approved under authority of Rogers v. Helvering, supra.
Decision will be entered for respondent.