Estate of Gertrude R. Brown, Deceased, Amelia B. Rachau, Executrix v. Commissioner.
Estate of Brown v. Commissioner
Docket No. 886.
United States Tax Court
1944 Tax Ct. Memo LEXIS 250; 3 T.C.M. (CCH) 486; T.C.M. (RIA) 44166; May 17, 1944
*250 McDonald E. Wrenn, Esq., 2 Wall St., New York, N. Y., for the petitioner. Arthur Groman, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves estate tax. Deficiency was determined in the amount of $9,512.98 because of the inclusion by the Commissioner in the estate of the decedent of $67,928.87, as the entire value of the corpus of a trust over which decedent had the power of appointment. The parties agree that $67,928.87 is the net value of the trust fund. The petitioner now concedes that 17/60ths of the value of the trust fund is properly includible in the gross estate. The only question presented, therefore, is whether the remainder of the $67,928.87 is properly includible in gross estate. All facts were stipulated and we adopt the stipulation as our findings, by reference. Only such parts as are necessary to the examination of the issue will be set forth herein. Summarized, so far as pertinent, they are: [The Facts] The decedent by the will of her husband, who died in 1934, took for her life the income from a trust fund, together with a power of appointment over it; but if at her death she had not made a valid disposition of the trust fund, *251 by exercising the power of appointment then the trust estate should be divided in certain proportions among certain named individuals. The decedent and a bank were trustees under the will. On July 31, 1936, the decedent, in accordance with the terms of the will, lodged with the trustees an instrument providing in pertinent part as follows: "NOW THEREFORE pursuant to and in the exercise of the power of appointment in me vested by the terms of said will I * * * do hereby appoint and provide that on the termination of the aforesaid trust * * * the entire trust estate shall be divided * * *." Then follows the list of parties and the portion of the trust fund to be received by each. All of the parties named were included in those named in the will as entitled to take in case the power of appointment was not exercised, but several of the parties so named in the will had died (and under the will their parts should go pro rata to the others, in case of no exercise of the power of appointment)., and Dorothy Copeland, one of the parties so named in the will, who was to receive 10/84ths, was not included in the list filed with the trustees by the decedent. In the case of three others named in *252 the list filed with the trustees the parts designated as their proportions were greater than the proportions they would have received had there been no power of appointment and they had taken under the will. Two parties named in the list filed with the trustees by the decedent died thereafter and before the death of the decedent. Under the terms of the will their interests went pro rata to the other appointees. After the death of the decedent, her co-trustee filed in the Surrogate's Court in New York a proceeding for a judicial determination as to the disposition to be made of the trust fund, and on April 8, 1942, the Surrogate filed his opinion reciting, inter alia, that "The power of appointment has been validly exercised by the donee of the power," and in accordance therewith, on May 1, 1942, final decree was entered by the court directing the distribution of the trust fund. No appeal was taken, and the trust fund was distributed and received accordingly. The respondent contends that under the principles laid down in Helvering v. Grinnell, 294 U.S. 153; and Estate of Rogers v. Helvering, 320 U.S. 410, the entire *253 trust fund should be included in the gross estate of the decedent, as passing under a general power of appointment, under section 811 (f) of the Internal Revenue Code. [1] The petitioner, citing the same cases, and in particular the latter, contends that the trust fund (to the extent of 43/60ths) was distributable, under the power of appointment to the same persons and in the same quantitative and qualitative interests as under the terms of the will, so that there was, as to such 43/60ths of the trust res a mere echoing of the limitations over upon default of appointment, under the expression used in the Rogers case. The facts in that case, leading there to inclusion of the entire fund in gross estate, the petitioner distinguishes from those here involved, as follows: * * * In that case two appointees were appointed, partly outright and partly in trust, smaller interests than they would have received outright in default - interests which varied both quantitatively and qualitatively from the one-third share each would have taken absolutely in default - and a third appointee was named who would have taken nothing in default. None of the appointees took the identical share, *254 in the identical manner, as he or she would have received in default. * * * A study *255 of the above cases and of the facts here involved convinces us that the petitioner's contention may not soundly be sustained. Even assuming that in part the distributees are the same and take the same amount as they would have taken in default of the appointment, in our opinion, the appointment was exercised as to all and we find the property, under section 811 (f) of the Internal Revenue Code "passing under a general power of appointment exercised by the decedent." We do not find here the election to take under the will and the declination of benefit under the appointment, as in Helvering v. Grinnell, supra. On the contrary, we find a judicial determination by the Surrogate's Court that the power of appointment had been validly exercised - as indeed the court could hardly have otherwise found, since the instrument filed by the decedent with the trustees states that the decedent in the exercise of the power of appointment does "hereby appoint and provide," etc. Further, it is stipulated that from the Surrogate's decree there was no appeal "and the trust fund was distributed and received accordingly." Under such facts we may not find that the distributees *256 received their shares under the will, rather than under the power of appointment. The power of appointment was exercised. Three of the distributees received greater interests than they would have received under the will. One of those named in the will received nothing under the list filed with the trustees by the decedent, and nothing under the distribution which disposed of the entire trust fund. It is obvious, therefore, that some action, at least, was taken under the power of appointment, and the petitioner, as above stated, contends only, as to 43/60ths of the trust fund, that there was mere echo of limitations over upon default of appointment, thus inferentially, if not specifically, admitting that as to remainder there was exercise of the power of appointment. We do not think the question is subject to mathematical computation and division in such manner, but that in fact the power was exercised as to all. The will, on petitioner's theory, becomes effective in so far as there is no appointment, to the extent of 43/60ths. However, Dorothy Copeland, named in the will to receive 10 parts, and excluded in the appointment, must then be considered - under the will - with the result *257 that the 43/60ths is divided into smaller fractions than the 60ths petitioner assumes - and we thus find not only that the appointment has reached and affected all parts and parties, but that none take alike under will and appointment, unless the exercise was effective as to all. Such effect from what the petitioner regards as a partial exercise of the power is clearly pointed out in the concurring opinion of Learned Hand, J., in the Rogers case in the Circuit Court of Appeals (135 Fed. (2d) 35). It is to be noted also that the trust instrument provides for passing of title under the will only in the alternative that the donee of the power has not "made a valid disposition of said remainder by exercising the aforesaid power of appointment and provision." Here the donee admittedly did exercise the power. She used it to deprive at least one of those named in the will of an interest which, had the power not been exercised, would have passed under the will; and to distribute that interest to others, each of whom thus is seen to take under the power, and three of whom take more than under the will. Such result was only by virtue of the exercise of the power *258 of appointment, and in our opinion such result can not be segregated from that with regard to other distributees to make an argument that as to them there was mere echo over of limitations on default. Though the petitioner argues that in the Rogers case the appointees did not take the identical shares in the identical manner as provided by the will, the argument here is in no real sense different than that rejected by the Supreme Court in the Rogers case, for, referring to the action of the Board of Tax Appeals (in excluding, as herein asked, certain values from gross estate) the Court says: * * * It did so on the ground that that which came to these two under the power was less in value than would have come to them under the will of the donor of the power had that power not been exercised by the donee. * * * The point is the same, whether the appointees receive the same, or less, than under the will: to the extent the will covers and would have granted the interest appointed, it is claimed in substance that the exercise of the appointment is a nullity. Both in this case and in the Rogers case there is concession of additional interest created by the exercise of the *259 power, and therefore taxable. The argument is therefore seen as one that, though the power was exercised, its exercise was superfluous to a certain extent, i.e., to the extent that the will would have passed the property. But the statute lays the tax on what actually passes, under the power, with no consideration of equivalent results by another hypothetical procedure under the will. The Supreme Court in the Rogers case, in rejecting the argument, says: * * * For the purpose of ascertaining the corpus on which an estate tax is to be assessed, what is decisive is what values were included in dispositions made by a decedent, values which but for such dispositions could not have existed. That other values, even if worth more as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which it was his to do with as he willed. And that is precisely what the federal estate tax hits - an exercise of the privilege of directing the course of property after a man's death. * * * * * * To bring about the results which decedent sought to bring *260 about, he had to deal with the whole of the corpus over which he had the power of disposition. To give what he wanted to give and to withhold what he wanted to withhold, Rogers had to do what he did. And so what is taxed is what Rogers Jr. gave not what Rogers Sr. left. The son's appointees got what they got not because he chose to use one set of words rather than another set of words, but because he willed to give them the property that he willed. If the result of his testamentary disposition is to subject his beneficence to the estate tax, that is always the effect of an estate tax. Again we read: * * * To suggest that all the property necessary to effectuate the arrangements made by decedent's will did not constitute property passing under his testamentary power would disregard the fact that he had complete dominion over this property and disposed of all of it as his fancy, not at all as his father's will, dictated. * * * The Supreme Court, in saying that the Grinnell case was a far cry away, in effect, says so as to the present case, where not only is there no declining by the beneficiaries, but an exercise of power in the words of both the donee and the Surrogate, and *261 the property was "distributed and received accordingly." It was received through no distribution under the alternative provisions of the will. We conclude that the decedent here did direct the course of property - the trust fund here involved - that it passed by virtue of such direction, and that the entire trust fund was properly included in gross income. Decision will be entered for the respondent.
Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(f) Property Passing Under General Power of Appointment. - To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect in possession or enjoyment at or after his death, or (3) by deed under which he has retained for his life or any period not ascertainable without reference to his death or for any period which does not in fact end before his death (A) the possession or enjoyment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth; * * *↩