In the Matter of the Accounting of ALBERT STICKNEY et al., as Executors and Trustees under the Will of HENRY H. ROGERS, Deceased.

Surrogate's Court, Suffolk County, September 9, 1944.

*Sullivan, Donovan & Heenehan* for Guaranty Trust Company of New York, as trustee.

*Milbank, Tweed & Hope* for Chase National Bank of New York, as trustee of Peter A. C. M. Salm.

*John Caldwell Myers* as attorney and general guardian of property of Peter A. C. M. Salm

*Proskauer, Rose, Goetz & Mendelsohn* for Marguerite B. Miles, beneficiary of trust.

*Debevoise, Stevenson, Plimpton & Page* for Frances P. Lackland and another, beneficiaries under trusts.

*Simpson, Thacher & Bartlett* for Millicent A. Rogers and another, legatees and beneficiaries.

*Spence, Windels, Walser, Hotchkiss & Angell* for Pauline V. Hoving, legatee and beneficiary.

*Fred M. Ahern* (*Mortimer M. Kassell* and *Paul Newman* of counsel), for State Tax Commission.

*Rathbone, Perry, Kelly & Drye* for Albert Stickney and others, petitioners.

*Davis Polk Wardwell Gardner and Reed* for City Bank Farmers Trust Co., and others, trustees.

*Max W. Hollander* for Charles V. Dresser, beneficiary.

HAWKINS, S. This is an appeal from a *pro forma* order of this court dated June 8, 1938, from which an appeal was taken on August 5, 1938. No reasons appear in the papers for the delay in arguing this appeal, and the court assumes it may not place any stress upon this in reaching the conclusions herein.

The question raised on the appeal is whether the appointed property shall be taxed in the estate of the donor or in the estate of the donee of the power of appointment.

The State Tax Commission, in a very able argument and brief by Deputy Commissioner Kassell, contends that the tax must be assessed against the estate of the donee and calls attention to the decision of the United States Supreme Court in *Estate of Rogers* v. *Commissioner* (320 U. S. 410). In that case the court decided that the tax should be against the estate of the donee.

The State Tax Commission argues that while this court is not bound to follow this decision, it is the policy of the New York Court of Appeals to conform its decision to those of the United States Supreme Court in order to have uniformity of rulings when identical statutes are involved.

In the *Matter of Weiden* (263 N. Y. 107) the Court of Appeals stated that the United States Supreme Court had indicated that a provision of the Tax Law imposing an estate tax upon real property held by a husband and wife as tenants by the entirety does not violate the United States Constitution and they would apply the same rules in determining similar provisions of State Constitution for the purpose of maintaining uniformity of administration of the Tax Law. This decision was referred to in the *Matter of Cregan* (275 N. Y. 337). That case involved matter of exemptions, and the court distinguished the facts from those cases in the Federal courts where a different conclusion had been reached. (*Humes* v. *United States,* 276 U. S. 487.) This opinion mentions that the provisions of the Federal statute and the Tax Law of the State are not identical in language. " They are, however, similar both in form and purpose and we do not in this opinion intend to depart from the rule laid down in either case." (Referring to cases of *Humes* v. *United States,* 276 U. S. 487, and *Ithaca Trust Co.* v. *United States,* 279 U. S. 151.)

In the *Weiden* case (*supra*), the question was as to the constitutionality of the statute, and the brief opinion merely states that the New York Court of Appeals would so determine similar provisions of the State Constitution. In the *Matter of Cregan* (*supra*) the court states that it does not " * * * in this

opinion intend to depart from the rule laid down in either case."
(*Humes* v. *United States, supra; Ithaca Trust Co.* v. *United States, supra.*)

I interpret all this, however, to indicate that our Court of Appeals would not hesitate to depart from a rule laid down by the United States Supreme Court if it concluded that the reasoning of any United States decision conflicted with rules laid down by New York decisions.

There is no doubt that the planned similarity of the Federal and State Tax Laws make most persuasive United States Supreme Court decisions. But the New York courts will, I believe, not be persuaded to entirely adopt the reasoning of the United States Supreme Court without considering in particular instances the reasons and decisions in New York cases.

This case, I believe, points out for the first time a question on which there is a definite difference between the opinion of the United States Supreme Court and the New York decisions.

The question to be determined here is whether the tax shall be taken on the estate of Rogers, Sr., or Rogers, Jr.

Rogers, Sr., died in 1909 before the Estate Tax Law became effective. Rogers, Jr., died in 1935 after the enactment of the Estate Tax Law in 1930. Rogers, Sr., gave Rogers, Jr., a power of appointment directing that if the power were not exercised, the heirs of Rogers, Jr., would take. The power of appointment was exercised, and the beneficiaries, who are also heirs of Rogers, Jr., contend that they take under the will of Rogers, Sr., and the tax must be in that estate. The United States Supreme Court has decided that the tax shall be in the estate of Rogers, Jr., the donee of the power of appointment. If the contention of the State Tax Commission is correct, the court should follow that decision. However, if New York courts are still to follow the reasoning laid down by New York decisions, we are led to a different conclusion.

Justice FRANKFURTER in his opinion in *Estate of Rogers* v. *Commissioner* (320 U. S. 410, 414, *supra*) says: " And so what is taxed is what Rogers Jr. gave not what Rogers Sr. left." But in *Matter of Cregan* (275 N. Y. 337, 341–342, *supra*) Judge LEHMAN quotes from *Edwards* v. *Slocum* (264 U. S. 61, 62) as follows: " It taxes   *   *   *   ' not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.' " If we tax the interest which ceased at death, we must assess the tax against Rogers, Sr., because Rogers, Jr., had no interest in the principal of the estate which Rogers, Sr., left. We must tax the principal which Rogers, Sr., left by reason of his death.

Again, as Judge CARDOZO said (*Matter of Schmidlapp,* 236 N. Y. 278, 283), " The tax is a charge upon the creation of the right, it is *not* a charge upon fruition in enjoyment or possession." (Italics supplied.)

In *Matter of Duryea* (277 N. Y. 310 [1938]) involving construction of the Transfer Tax Law, and the Estate Tax Law enacted in 1930, the court said: " Where a person named under the exercise of the power takes the same or less than he would have taken under the original will, if the power of appointment had not been exercised, his interest is taxable in the estate of the donor and not in the estate of the donee.  *  *  *  However; the tax is to be computed under article 10 and not under article 10-C as it would be required to be computed under the order of the Appellate Division. Article 10-C is in nowise applicable to the estate of Ellen W. Duryea or to any property passing under her will."

The estate of Rogers, Jr., who died after the estate law became effective, would be affected by article 10-C of the Tax Law.

The other cases submitted which I have examined do not lead me to believe that the established policy of the courts as outlined in these cases must change with the decisions of the Supreme Court.

This court cannot read into its statute law things that are not there. It cannot supply those things which the Constitution provides may only be done by legislative enactment.

I do not believe the cases indicate that the decisions of the Federal courts will be substituted for the consistent reasoning by our most able jurists which have led to these decisions.

It may be that something should be sacrificed to uniformity, but I find no decisions which make it necessary to follow the United States Supreme Court in the *Rogers* case (*supra*).

It seems to this court that the tendency of the New York courts is to tax the substance of the gift, not merely the exercise of a power, when such exercise does not change the beneficiary, or increase the amount of the gift.

In *Matter of Vanderbilt* (281 N. Y. 297, 303) the court said: " Their legacies, then, are taxable, if at all, as part of the estate of Cornelius Vanderbilt, the donor of the power ".

Respondent's memorandum points out several differences between the New York law and the Federal law. I think it unnecessary to discuss these in detail except to say that it is inconceivable that there will not be many differences developed in the course of decisions. If all the States decide State law,

as Federal legislation and the Federal courts decide, a novel situation would indeed arise.

It seems to me that our adjudicated cases have established a rule, which becomes the law of the State, and must be applied here. The rule is as stated above from the *Duryea* case (277 N. Y. 310, *supra*). Tax levied by that rule seems fair and equitable. Tax levied by the rule laid down in the Federal court in *Rogers* v. *Commissioner* (320 U. S. 410, *supra*) does not.

The *pro forma* order of this court dated June 8, 1938, is correct, under the existing statutes of this State at that time, and their construction by the courts of this State.

The decree to be signed herein should contain a provision directing the trustee of the trust for the benefit of Henry H. Rogers, Jr., to pay to the executors the balance of $723,387.82 of share of estate taxes heretofore adjudged to be due from the said trust.

As to the Sackley, Lackland and Benjamin trusts and Miles trust, these are *inter vivos* trusts. There are two other existing trusts erected under the will. As to the trusts created by the will, I think there can be no question that the tax must be paid from the residuary estate. The provision of the will directing that inheritance, transfer or similar duties or taxes be paid out of residuary estate cannot be so restricted or interpreted as to exclude either of the testamentary trusts. The following clause of the will of deceased leaves no doubt as to his intention in this regard: " I direct that all inheritance, transfer, legacy, succession or similar duties or taxes which shall become payable in respect of any property or interest passing under this my last will and testament or any codicil hereto I may make hereafter, shall be paid out of the capital of my residuary estate."

As to the other trusts, while the question has not been so easy of solution, I come to the same conclusion. The tax should be paid from the residuary estate. The donor of these trusts was apparently anxious to preserve the principal so that the income provided would not be diminished during the lives of the beneficiaries. His purpose has already been defeated by the decision heretofore made that the impairment of trust principal need not be made good by his executors. His intention was that the fund would be maintained. If the suggested contributions to the tax be made from each of these trusts, the purposes and plan of the donor would be substantially defeated. The

residue of these trusts after the death of the beneficiaries goes to the donor's estate. There is ample authority for relieving the life beneficiaries of this burden, as the donor undoubtedly desired. (*Matter of Aldrich*, 259 App. Div. 162.)

Of course many *inter vivos* trusts must bear the tax burden. But no one can doubt that here the testator (donor) intended to relieve the trust of this burden, and his intent must control. (See *Gibbs' Estate*, 41 N. Y. S. 2d 60.) The clause in the will here is very broad and inclusive and includes beside the usual tax provisions, " inheritance, transfer, legacy, succession or similar duties or taxes " payable in respect of any property or interest passing under the will or codicil.

Submit decree on five days' notice dismissing the appeal of the State Tax Commission and embodying this decision as to the payment of taxes.