Estate of Carl M. Reed, Deceased, Charles M. Warner and Charles M. Reed, Executors v. Commissioner.
Estate of Carl M. Reed v. Commissioner
Docket No. 2955.
United States Tax Court
1945 Tax Ct. Memo LEXIS 81; 4 T.C.M. (CCH) 889; T.C.M. (RIA) 45294; September 18, 1945
Henry R. Jeffs, Esq., 24 W. 7th St., Erie Pa., for the petitioners. Robert H. Kinderman, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $28,755.14 in estate tax. He now concedes that a deduction should be allowed for a $300 appraisal fee. The petitioners contend that he erred (a) in including in the gross estate $100,000 of a larger total over which the decedent had a power of appointment under the will of his grandmother, Harriet *82 W. Reed, (b) in disallowing deductions for "miscellaneous administration expenses" consisting of attorney's fees $8,500, court costs $503.42, and trustees' bond premium $460, and (c) in disallowing a deduction of $500 paid for the support of the widow during the settlement of the estate. Findings of Fact The decedent, Carl M. Reed, died testate on May 7, 1940, while residing in Erie, Pennsylvania. The duly qualified executors of his estate are Charles M. Warner and Charles M. Reed, a son of the decedent. The decedent was survived by his wife, Lena W. Reed, 65 years of age, his son, Charles M. Reed, 29 years of age, and by his step-daughter, Virginia Ransom, 37 years of age, the first two being his heirs at law. All three are still alive. The decedent at the time of his death owned property worth about $47,506.65 and owed debts of about $164,782.44. He was also a life beneficiary of a part of a spendthrift trust established under the will of his grandmother, Harriet W. Reed, who had died in 1901, and he had a general power of appointment by will over a part of the corpus of that trust. He provided in his will that the property from the estate of Harriet W. Reed over which *83 he had a power of appointment should all go to trustees who were to pay the income therefrom, during the life of decedent's wife, Lena, 50% to Lena, 30% to his son, Charles, and 20% to his step-daughter, Virginia Ransom. Lena was also to have the share of any child she survived. The trustees, at the death of Lena, were to transfer $100,000 to another as trustee to hold and pay the income from $50,000 to Charles for life and the income from $50,000 to Virginia for life, each beneficiary to have the right of general appointment by will over his or her share of the corpus, the corpus to go to their heirs in default of the exercise of the power. The will also provided for the disposition of the other income and principal after the death of Lena. The total value of the estate over which the decedent had the power of appointment was determined by the Commissioner to be $374,861.08 and he included all of it in the gross estate. He allowed a deduction for executors' expenses, but disallowed one for trustees' expenses, including court costs $503.42, appraisal fee $300, trustees' bond premium $460, and attorney's fees $12,000. He also disallowed a deduction of $500 for widow's support exemption. *84 A brother of the decedent started litigation in the Pennsylvania courts, shortly after the decedent died, by contesting a proposed distribution in the estate of Harriet W. Reed. He claimed that the decedent had no power of appointment over any part of the Harriet W. Reed trust corpus and the trustee of that trust should not transfer any property to the trustees under the decedent's will. The latter trustees became parties to the proceeding and were represented by counsel. Beneficiaries under the decedent's will became parties and were represented by counsel. Creditors of the decedent tried to intervene. The widow, Lena, tried to set aside the will. The Supreme Court of Pennsylvania held in April, 1941, that the decedent had the power of appointment and upheld his will. The Court ordered that costs amounting to $503.42 be paid from the trust principal. The trustee under the will of Harriet W. Reed paid the costs and later distributed the trust corpus to the trustees under the will of the decedent during the summer of 1941. The latter trustees were non-residents of Pennsylvania and had to furnish bonds to qualify. The record does not show who paid for these bonds. The fee of the attorney *85 representing the trustees under the will of decedent in the litigation mentioned above amounted to $8,500. The record does not show that this amount has been paid or who paid it. None of the items mentioned in this paragraph were paid by the executors of the decedent's estate or are to be paid by them. The widow, Lena, was in need of funds for her support during the settlement of the decedent's estate. She made claim for the widow's exemption and was paid $500 by the executors in July, 1940, as allowed by the laws of Pennsylvania. The stipulation of facts, in so far as not already set forth above, is incorporated herein by this reference. Opinion MURDOCK, Judge: Section 811(f), Internal Revenue Code, includes in the gross estate the value of any property passing under a general power of appointment exercised by the decedent by will. The Commissioner has determined that all of the property over which the decedent had a power of appointment is properly a part of the gross estate under that provision, and that the value of the property was $374,861.08. The petitioners do not contest the valuation. They have abandoned the theory upon which this issue was *86 pleaded and have made no effort to clarify the pleadings. They say in their brief that $100,000 of the trust corpus over which the decedent gave his son, Charles, and his stepdaughter, Virginia, a power of appointment "are not part of said decedent's gross taxable estate, as it is not now known, and it will not be known until at the end of the life estate of Charles M. Reed and Virginia Ransom therein, whether the said appointments of corpus by decedent's will are valid or not." Their argument is that property is not included in the gross estate under Section 811(f) unless it actually passes under the power; the decedent, in so far as he exercised his power by giving a similar power over $100,000 to Charles and Virginia, may have passed nothing because the rule against perpetuities may be violated; the property must vest within a life or lives in being when Harriet died, and 21 years thereafter, or the $100,000 will not pass under Carl's appointment; Lena's is the life in being and Charles and Virginia must die within the life of Lena or 21 years thereafter; they may not die within that period and until they die it will not be clear under Pennsylvania law that Carl's appointment of *87 the remainders in the $100,000 had legal validity and brought into being new interests in that property, In re Reed's Estate, 342 Pa. 54, 19 Atl. (2d) 365; and, therefore, under Rogers' Estate v. Helvering, 320 U.S. 410, the $100,000 is not to be included in the gross estate of Carl. The respondent seems willing to meet this issue even though it has not been properly pleaded. Clearly $100,000 is not to be excluded under any such theory. Carl's appointment created valid estates in this $100,000 for Lena, Charles, and Virginia, Reed's Estate, supra, and the value of those estates (not shown by this record) would have to be included in the gross estate. The only question is whether he created valid remainders after those life estates. If he created valid remainders too, then everything goes into his gross estate. Any exclusion, even under the petitioners' theory, would have to be limited to the present value on May 7, 1940 of some uncertain remainder after the life estates and after allowance for the possibility that Charles or Virginia or both might die before there would be any violation of the rule against perpetuities. Cf. Robinette v. Helvering, 318 U.S. 184. *88 Such a value can not be determined from the present record. The Commissioner has determined that the entire $374,861.08 value is a part of the gross estate, which holding implies that all of the property passed under the decedent's exercise of the power. He could be right. Reed's Estate, supra.The petitioners have not proved that he erred. They concede, inferentially at least, that proof of his error is impossible for the time being. A failure of proof, even though the evidence is not available, leaves the moving party without a remedy. Cf. Burnet v. Houston, 283 U.S. 223; Robinette v. Helvering, supra.The opinion of the Supreme Court in Rogers' Estate v. Helvering, 320 U.S. 410 is no help here since it does not indicate that the Court had the present question in mind or intended to pass upon that question in any way. The question of whether payment of a part of the tax might be postponed under Section 925 need not be considered because it has not been put in issue. Section 812(b), Internal Revenue Code, allows deductions for such amounts for administration expenses as are allowed by the laws of the *89 jurisdiction under which the estate is being administered. This means expenses of the administrators of the estate chargeable against the estate. The Commissioner allowed a deduction for the expenses of the administration of the decedent's estate and he now concedes that it should be increased by $300, representing the cost of an appraisal necessary in filing the estate tax return. But he disallowed the court costs, the trustees' bond premiums, and the trustees' attorney's fees on the ground that they were not administration expenses of the decedent's estate or allowed as such under the Pennsylvania law but were expenses of trustees. The record does not show that he erred. The petitioners cite no authorities in support of their contention that these expenses of trustees are deductible as administration expenses of the executors in administering the decedent's estate. There is a distinction between administration expenses of the decedent's estate and expenses of trustees appointed by him to carry on separately from his executors. The latter are not allowed as deductions under Section 812(b)(2). Cf. Est. of Robert H. Hartley, 5 T.C. 645 (8/28/45). The court costs were *90 paid and accounted for by the trustee of Harriet's estate and were not a charge against Carl's estate. We do not know who paid the bond premiums for the trustees appointed by Carl or who paid their attorney's fee, but the petitioners concede that they were not and are not to be paid out of Carl's estate. They are not administration expenses thereof within the meaning of Section 812(b). The $500 paid to the widow is properly deductible under Section 812(b)(4) and must be allowed. Decision will be entered under Rule 50.