ESTATE OF LOUISE V. KERR, DECEASED, SAMUEL K. KERR AND LEWIS S. KERR, JR., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9779.   Promulgated September 17, 1947.

*Irving H. Bull, Esq.,* for the petitioners.
*A. H. Monacelli, Esq.,* for the respondent.

360

OPINION.

ARUNDELL, *Judge*: We are faced here with the difficult question of to what extent *Helvering* v. *Grinnell*, 294 U. S. 153, has survived *Roger's Estate* v. *Helvering*, 320 U. S. 410, for the petitioners rely upon the former and the respondent relies upon the latter as controlling. Petitioners also rely upon *Lewis* v. *Rothensies*, 138 Fed. (2d) 129; but that case, too, was decided before the *Rogers* case.

All three cases involve a construction of section 302 (f) of the Revenue Act of 1926, which, like section 811 (f) of the Internal Revenue Code, applicable here, provided for the inclusion in the gross estate of the value of "property passing under a general power of appointment exercised by the decedent * * * by will."

*Grinnell* was a case in which the decedent-donee had a power of appointment and exercised the power by appointing to the legatees in default of appointment under the will of the donor of the power the identical interests they would have taken had the power not been exercised. The appointees renounced the appointment and elected to take under the will of the donor. It was held that no property passed by the exercise of the power within the meaning of section 302 (f) of the Revenue Act of 1926. The state law approach was fundamental in the *Grinnell* reasoning. Because by the local property law the property did not pass under the power, the requirements of the Federal act were held not to have been met. The Court expressly disapproved the lower court decisions (*Wear* v. *Commissioner*, 65 Fed. (2d) 665, and *Lee* v. *Commissioner*, 57 Fed. (2d) 399), which had proceeded on the theory that state rules of property were not controlling in determining what property passes under powers of appointment within the meaning of the Federal act.

In the interval between *Grinnell* and *Rogers* the lower Federal courts held that where the identical property or a lesser interest was appointed to a legatee in default, the interest which he took did not pass under the power of appointment within the meaning of the Federal statute, irrespective of renunciation by the appointee. *Rothensies* v. *Fidelity-Philadelphia Trust Co.*, 112 Fed. (2d) 758; *Leggs' Estate* v. *Commissioner*, 114 Fed. (2d) 760; *Estate of Gertrude Bucknell Day*, 44 B. T. A. 524; *Lewis Spencer Morris et al., Executors*, 39 B. T. A. 570; *James C. Wheeler et al., Executors*, 38 B. T. A. 273; cf. *Central Hanover Bank & Trust Co.* v. *Commissioner*, 118 Fed. (2d) 270.

The *Rogers* case, in substance, was one in which the decedent-donee of the power exercised it in such a way as to cut off entirely one of three legatees in default and to give to the other two only life estates in property which they would have taken absolutely had the power not been exercised. With respect to these two, the argument was made in the Supreme Court that no property "passed" under the power, because they were persons who, if the power had not been exercised, would have come into enjoyment of interests in the property, though different from what the decedent-donee saw fit to give them. In answering this argument the Court said:

The argument derives from considerations irrelevant to the ascertainment of the incidence of the federal estate tax. In law also the right answer usually

depends on putting the right question. For the purpose of ascertaining the corpus on which an estate tax is to be assessed, what is decisive is what values were included in dispositions made by a decedent, values which but for such dispositions could not have existed. That other values, whether worth more or less as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which it was his to do with as he willed. And that is precisely what the federal estate tax hits—an exercise of the privilege of directing the course of property after a man's death.

The state law approach of *Grinnell* was rejected; and whether property passes, within the meaning of the Federal statute, by the exercise of a power of appointment was said to be a question of Federal law. If under state law the power be validly exercised, whether by the local law the property is treated as passing under the power and whether title under local property law is traced to the donee or to the donor of the power are "matters of complete indifference to the federal fisc." It was said that in the Federal statute "Congress did not deal with recondite niceties of property law nor incorporate a crazy-quilt of local formalisms or historic survivals." The Court concluded by stating that *Grinnell* did not stand in the way of its conclusion, for "Where a donee of a power merely echoes the limitations over upon default of appointment he may well be deemed not to have exercised his power, and therefore not to have passed any property under such a power."

In the instant case it certainly can not be said that the decedent "merely echoed the limitations over upon default." Had she not exercised her power, her sons would have taken the corpus absolutely. Instead, she did exercise it (and it is not questioned that the power was validly exercised under the state law) in such a way as to create new values, an equitable life interest for her husband and remainders for her sons. The only effect of the sons' renunciation and election to take under their grandmother's will is that under local law title will be traced from them to their grandmother, rather than to their mother; and that, it seems to us, is one of those matters which, in the language of the *Rogers* case, are "of complete indifference to the federal fisc." The fact remains that, regardless of the source of title under local law, they take exactly the quantum of interests—the "values" of which the Court speaks in the *Rogers* case—which their mother purported to give them and not the "values" or interests which their grandmother limited to them. But for the decedent's exercise of her power of appointment, the precise values which her husband and her two sons take could not have existed; and that, says the Supreme Court, is the test of taxability under the statute here involved. The

course of the property after the decedent's death follows the dictates of her fancy and not at all those of the donor's will.

The *Lewis* case, *supra*, is almost on all fours with the present case, except for the absence there of renunciation by the appointees. We judge from the Third Circuit Court's discussion in that case that it did not consider the absence of renunciation as a particularly material factor. That court also expressed the opinion that the decision of the Second Circuit in the *Rogers* case was not in conflict with its own decision in the *Fidelity-Philadelphia Trust Co.* case, *supra*, nor apparently did the court feel that the Second Circuit's opinion stood in the way of its own conclusion in the *Lewis* case. Perhaps the Third Circuit did not at that time anticipate the extent to which the Supreme Court would go in construing the Federal statute and rejecting the application of state law standards in its opinion in the *Rogers* case, handed down some three months after the *Lewis* decision. In any event, we do not think the *Lewis* decision can now stand in view of the Supreme Court's opinion in *Rogers*. While there are admittedly some factual distinctions between *Rogers*, on the one hand, and *Lewis* and the instant case, on the other hand, we think that both the latter fall within the broad principles enunciated by the Supreme Court in the former.

*Estate of Charlotte D. M. Cardoza*, 5 T. C. 202 (appeal pending, C. C. A., 3d Cir.), does not conflict with our conclusion. There the donee of the power attempted to appoint the corpus absolutely to one who would have taken only an equitable life estate therein under the donor's will in default of appointment. The appointee renounced and took only the life estate—exactly what the donor gave him and not at all what the donee purported to give him. As a result no new or different values were brought into existence, and that case accordingly was beyond the scope of the *Rogers* decision.

Finally, it may be noted that the fact that Congress in the Revenue Act of 1942 had already amended section 811 (f) to broaden its scope and correct what Congress considered defects, did not deter the Supreme Court from the broad construction it gave in *Rogers* to the statute as it existed prior to the amendment. We conclude that under the statute existing at the date of the instant decedent's death, as construed by the Supreme Court in the *Rogers* case, the respondent did not err in including the value of the entire corpus in the gross estate.

Since it appears that some adjustment may be in order to allow for additional attorney's fees in connection with the present litigation,

*Decision will be entered under Rule 50.*

Reviewed by the Court.