**KERR'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 9723.**

United States Court of Appeals Third Circuit.

Argued Dec. 10, 1948.

Decided April 27, 1949.

Irving H. Bull, New York City (B. H. Bartholow, William F. Saunders, New York City, on the brief), for petitioners.

Meyer Rothwacks, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, George A. Stinson, Helen Goodner, Special Assistants to the Attorney General, on the brief), for respondent.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, Circuit Judges.

BIGGS, Chief Judge.

Sarah J. Kissam, a resident of New York, the "donor", died in 1918. Under Mrs. Kissam's will Louise V. Kerr, the "decedent," the donor's daughter, had a life estate in and a testamentary power of appointment over the corpus of a trust created by the will. The will provided that in default of appointment by the decedent the corpus should go equally divided to the decedent's two sons. The decedent died on September 19, 1942 resident in New Jersey and by her will exercised the power by appointing a life estate to her husband, remainders over at his death to her two sons. The decedent's will was admitted to probate in New Jersey on October 1, 1942 and to probate in New York as the will of a non-resident on February 3, 1943. The decedent's husband died in 1943. The sons expressly renounced the appointments to them under their mother's will electing to take under the donor's will. The law of New Jersey or of New York respecting the law of the execution of powers or of renunciations differs in no pertinent respect from the weight of authority throughout the States and need not be detailed here. The Tax Court of the United States held the value of the entire corpus to be includable in the decedent's gross estate. See 9 T.C. 359. The decedent's executors petitioned for review.

It will be observed that the critical date, that of the decedent's death, was September 19, 1942, and that the pertinent statute is Section 811 of the Internal Revenue Code, 26 U.S.C.A. § 811. The respondent contends that the corpus is includable under both subparagraphs (a) and (f) of Section 811. Both are set out in the mar-

gin [1] but we think it unnecessary to determine whether subparagraph (a) is applicable for we are of the opinion, as was the Tax Court, that tax incidence is created by paragraph (f). In so deciding we are faced, as was the Tax Court (see 9 T.C. at p. 360), "* * * with the difficult question of to what extent Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825, has survived Rogers Estate v. Helvering, 320 U.S. 410, 64 S.Ct. 172, 174, 88 L.Ed. 134. * * *"

In the Rogers case the Supreme Court rejected the state-law approach adhered to in Grinnell. The "recondite niceties of property law" and "the crazy-quilt of local formalisms of historic survivals" were said to be matters of indifference to the federal fisc. But the Rogers opinion also stated that where the donee of a power "* * * merely echoes the limitations over upon default of appointment he may well be deemed not to have exercised his power, and therefore not to have passed any property under such a power." In other words, if the precise interest passes to the beneficiary by a state-law title it would seem to be of little consequence that the donee of the power also endeavored to give it to the beneficiary by words of gift in a will.

▬▬ In the case at bar, however, the donee, the decedent, Mrs. Kerr, created new estates by her exercise of the power by her will. She gave a life estate in the corpus to her husband and remainders to her sons. These estates were not identical with those which would have come into being upon the death of the decedent by state law under the will of the donor, Mrs. Kissam. The decedent "exhausted" the power. Property interests in fact passed by the decedent's will and this is what the estate tax hits. As was said in Rogers the statute taxes "an exercise of the privilege of directing the course of property after * * * death." Cf. Estate of Charlotte D. M. Cardeza, 5 T.C. 202, and our decision [2] affirming the cited case.

The decision of the Tax Court in the instant case will be affirmed.

———◆———

---

[1] "Sec. 811. Gross Estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

"(a) Decedent's Interest.—To the extent of the interest therein of the decedent at the time of his death;

* * * * * *

"(f) Property Passing Under General Power of Appointment.—To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or * * *"

[2] See Commissioner v. Estate of Cardeza, 3 Cir., 173 F.2d 19.